OURSLER ET, PLAINTIFFS-APPELLEES, *v.* METHENEY ET, DEFENDANTS, GIRE, DEFENDANT-APPELLANT, WEISBERG, DEFENDANT-APPELLEE.

Ohio Appeals, Tenth District, Franklin County.

No. 6054. Decided July 14, 1959.

*Mr. Milton L. Farber* and *Mr. Herman M. Weisberg*, for plaintiffs-appellees and defendant-appellee.

*Mr. Richard G. Clark, Messrs. McLeskey & McLeskey, Mr. W. B. McLeskey*, of counsel, for defendant-appellant.

DUFFY, J. This is a law and fact appeal from a decision of the Court of Common Pleas. The plaintiffs-appellees, Gerald and Virginia Oursler, were purchasers of the property of the defendants, Denver and Mina Metheney. The defendant-appellant, M. A. Gire, was the real estate broker who represented the Metheneys in the sale of their property. The defendant-appellee, Herman M. Weisberg, was the attorney for the plaintiffs-appellees.

The amended petition of the plaintiffs asked for cancellation of the purchase agreement, land contract, note, and chattel mortgage executed by them to Defendants Metheney. The plaintiffs also sought a temporary restraining order to keep the Metheneys from disposing of the note, mortgage, and land contract. The relief sought by the plaintiffs was based upon misrepresentations to them as to the earnings of the business, the inventory, and the value of the property made by the Metheneys and the real estate broker and his agent, and upon the fact that the liquor license was not transferred to the plaintiffs in the time agreed on, which transfer within sixty days was made an essential element of the agreement of purchase.

The Metheneys cross-petitioned and prayed for the specific performance or, in the alternative, that the documents be cancelled, and that all real and personal property, involved in the contract of purchase be restored to them free of any claims on the part of the plaintiffs. The cross-petition was based on a default in the meeting of payments and other terms contained in the note, chattel mortgage, and land contract.

Defendant Gire, the broker in the transaction, asked that Herman M. Weisberg be made a party defendant and, in addition to an answer to the amended petition, filed a cross-petition against plaintiffs and Weisberg, seeking to recover $2,000 which,

it is alleged, was placed in escrow with Weisberg and which he had given to the plaintiffs rather than to Defendant Gire.

The case was tried to the court without a jury, although a request for a jury on the cross-petition of Defendant Gire had been requested by the plaintiffs and Defendant Weisberg. The judge found that there was an agreement to purchase the property for $57,000 with a down payment of $10,000, the balance secured by a note and chattel mortgage on the personal property and a land contract upon the real estate; that the entire payment of $10,000 was deposited with Defendant Weisberg, who made disbursements from this sum to the other defendants, retaining $2,000 in escrow, pending transfer of the liquor permits and final settlement, and $250 as a reserve for possible sales tax deficiencies. The court found in favor of the plaintiffs and against Defendants Metheney on the petition and awarded a judgment against the Metheneys in the sum of $3,750. The court further ordered the Metheneys to cancel and deliver up to the plaintiffs the note, chattel mortgage, and land contract involved in the action and ordered that the land contract be cancelled of record and that possession of any and all personal property and any or all real estate covered by the mortgage and land contract be restored to the Metheneys.

The court dismissed the respective cross-petitions of Defendants Metheney and of Defendant Gire and made permanent the temporary restraining order which had previously been entered against the Metheneys. The record shows that the Metheneys satisfied in full the judgment entered against them.

Defendant Gire filed his notice of appeal on questions of law and fact, and it was stipulated by the parties that the appeal should be heard "upon a transcript of the evidence offered in the trial court and that alone."

The case was argued before the Court of Appeals as an appeal on questions of law and fact, after which the defendant-appellee, Herman M. Weisberg, raised the question of the correctness of the theory of appeal inasmuch as Defendant Gire is the only appellant and his cross-petition prayed for a money judgment. While it is true that the injunction did not affect the defendant-appellant, nor was a judgment rendered against him on the petition, the question involved did have to

do with the specific performance or the rescission of certain agreements among the parties, and the cross-petition was against Weisberg individually and as trustee. Having submitted all of the evidence for the consideration of this court, Weisberg did not properly raise the question, and the case will be considered as an appeal on law and fact. See *Squire, Superintendent of Banks,* v. *Branciforti et al.,* 131 Ohio St., 344, and Section 2501.02, Revised Code.

A review of the transcript of the testimony in the trial court does indicate grounds for rescission or cancellation of the various instruments. The cross-petition of the defendant-appellant and this appeal appear to be directed more at the defendant-appellee, Herman Weisberg, than at the plaintiffs-appellees, and Weisberg was sued not only as trustee but individually because of an alleged wrongful payment as trustee under the escrow agreement. Weisberg's duties as trustee, according to the memorandum of agreement entered into evidence, were as follows:

"Said fund shall be held by Herman Weisberg as trustee, and disbursed upon the following occurences:

    *           *           *           *

"B. The sum of $2,000 shall be delivered to the Broker upon transfer of the C-2 Liquor Permit, by the Department of Liquor Control to the Buyers for the above address.

"It is agreed that transfer of the C-2 permit herein referred to is an essential element of the agreement for the purchase of said Real Estate and business, and if, for any reason other than the fault of the Buyers, transfer of such Permit is refused by the Department of Liquor Control, then all parties hereto shall be relegated to their respective remedies at law or equity.

"Buyers hereby represent that they know of no criminal reason why the transfer of said permit to them should be refused.

"It is agreed that time is of the essence of this agreement and the underlying contract for the purchase of said Real Estate and business, 60 days being a mutually agreed period for the transfer of said Liquor Permit, or in the event such transfer is refused for obtaining a new C-2 Permit for said

business at the above address, which new Permit Buyers agree they will apply for.''

Testimony given by an employee of the Department of Liquor Control indicates that the application for transfer was originally received by the Department on October 17, 1956. The application was returned to Denver Metheney on October 23, 1956, with the request that certain questions on the application be answered and, according to Defendant Metheney, for a notarial seal. The application was returned to the Department of Liquor Control on October 26; and on November 2, 1956, the Department sent the application to Defendant Weisberg with the request that Plaintiff-Appellee Virginia Oursler answer two questions on the application. The application was returned to the Department on November 24, 1956.

On November 30 the Department asked the Ourslers to furnish an executed or certified copy of the sales contract, which was received by the Department on December 3, 1956. The Department received the report from their inspector on December 4, 1956, and on December 6 and 7 received negative police-check reports on the applicants.

The Department then raised some questions as to the length of residency in Ohio of Gerald Oursler and sought information concerning the marital status of the Ourslers because of confusion on the report which showed that Gerald Oursler had returned to this country from South America because of the death of his first wife. The Department's investigation concerning the residency and marital status covered the period from December 13 through December 31, 1956, on which date Gerald Oursler was requested to sign an affidavit regarding his residency in Ohio for the one year preceding the filing of his application. The report of the inspector shows that Mr. Oursler would not sign the affidavit and wanted to discuss the matter with his attorney.

On December 31 the Ourslers, through their attorney, notified the Metheneys that they chose to rescind the contract for the reason that the C-2 permit had not been transferred to them within the period of sixty days as stipulated by their agreement. Copies of this letter of rescission were sent to the defendant-appellant, M. A. Gire, and to the Department of Liquor Control.

Testimony in the file indicates that it was the defendant-appellant who aided the buyers and the sellers in the preparation of the application for transfer of the liquor permit and that prior to the application coming into the hands of the defendant-appellee, Herman Weisberg, it was necessary for the Department to return the application for further information on two occasions. It is true that Weisberg did take from November 3, 1956, to November 24, 1956, to secure answers to questions which had not previously been answered when the application was submitted to the Department on the two prior occasions; but, if our calculations are correct, because of the failure to submit a properly completed form on October 17 and October 26, 1956, there was a delay of approximately seventeen days for which it does not appear that Weisberg could be held accountable. It is apparent that Defendant-Appellant Gire must not only share the blame for the delay prior to November 3, 1956, but that he is partially responsible for the confusion concerning the residency and marital status of the Ourslers as shown on the application.

It cannot be denied that the liquor license was not transferred within sixty days, and it cannot be denied that there were other faults than those of the buyers involved in the failure to complete the transfer within the sixty days allotted in the agreement, and these failures do reflect upon the activities of the defendant-appellant. Therefore, it would not have been proper for Weisberg to pay to Gire the money held by him as trustee.

Gire also argued that there were no fraudulent misrepresentations in this case on the part of any defendants and certainly not on the part of the broker or his agent, and that even assuming that there had been misrepresentations, there was no reliance upon them by the plaintiffs-appellees, and even assuming a reliance, there was no rescission of the transaction within a reasonable time nor a tender or refund of the benefits which the plaintiffs-appellees had received under the contract.

Having reviewed the record, we recognize that there is a conflict in the testimony given by the parties. Inasmuch as the trial judge had the opportunity to observe the witnesses and he believed that the testimony of the plaintiffs-appellees was

more worthy of belief and that it showed that there were certain misrepresentations of material matters which the defendants knew were false and made with the intent to induce the purchase of the property in question by the plaintiffs-appellees, who relied upon such misrepresentations to their disadvantage, we believe the judgment of the trial court to be correct.

BRYANT, P. J., concurs.
MILLER, J., not participating.